**Stephen HORAN and Donna Horan, Plaintiffs,**

v.

**SUN COMPANY, INC., f/k/a Sun Refining and Marketing Company, Defendant.**

Civ. A. No. 93–0014L.

United States District Court, D. Rhode Island.

Aug. 4, 1993.

Kevin M. Brill, Corrente, Brill & Kusinitz, Providence, RI, for plaintiffs.

Jon M. Nelson, Fitzhugh & Associates, Boston, MA, for defendant.

*MEMORANDUM and ORDER*

LOVEGREEN, United States Magistrate Judge.

Before me is defendant's motion to compel a more responsive answer to its interrogatory 24.  This interrogatory and plaintiff's response is as follows:

> *QUESTION 24:* Please state the results of any assessments or environmental testing identified in your Answer and Interrogatory No. 23, and identify the engineering specifications for any such test, the person conducting any such test, the precise location on the premises of any such

---

test, the qualifications and training of any person conducting any such test, the quality assurance techniques used to validate any such testing methods and the precise location on the premises of any oil, gasoline, petroleum-based substances or chemical substances discovered by any such test.

ANSWER: Objection. This information is protected from disclosure due to the work-product doctrine.

Defendant alleges this interrogatory seeks facts obtained by plaintiff's investigators and does not seek any information protected by the attorney work-product privilege. Plaintiff argues this material is so protected as it was gathered by her attorneys in anticipation of litigation. Additionally, defendant is able to retain its own experts to conduct tests on the site.

*Facts*

Defendant leased property in 1958 and commenced operation of a service station thereon. At some point, plaintiff's decedent and late husband, Stephen Horan, leased the station from defendant and operated it. Thereafter, Stephen Horan became seriously ill and was disabled. He advised defendant, at least by August, 1992, that he believed his illness was caused by various chemicals at the service station leaking into the ground and entering the well from which he drank. Defendant owned all equipment on the property.

Defendant was notified by letter in August, 1992 from plaintiff's attorney that a claim on behalf of Stephen Horan was being made for compensatory damages. In particular, defendant was notified that plaintiff had hydrology studies performed on the real estate by an environmental consultant.

Defendant took no action to perform or have performed any tests on this site. In November, 1992, defendant had the underground storage tanks removed. In December, 1992, this complaint was filed. Although defendant's lease will not expire until March 31, 1994, the service station has been closed. Defendant now argues that it is not able to

conduct its own testing due to "change in the site conditions which occurred before Sunoco was served with plaintiff's complaint."[1] Plaintiff counters by arguing defendant was on notice of the claim and chose to perform no testing at that time. Further, plaintiff contends defendant still has access to the site, could test now and is not prejudiced if interrogatory 24 is not answered.

*Discussion*

■ F.R.Civ.P. 26(b)(4) states in pertinent part:

"(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."

Interrogatories are to be used initially to flush out the expert's identity, subject matter, the substance of the facts and opinions to which the expert will testify and a summary of the expert's ground for each opinion. *Mutual Fire, Marine & Inland Insurance Company v. Jenckes Machine Co.*, 1986 WL 9717, 4 Fed.R.Serv.3d 913 (D.R.I.1986). If more is needed, the court may order additional discovery by other means and order payment of expenses. F.R.Civ.P. 26(b)(4)(A)(ii).

■ Here defendant has chosen the correct initial route to obtain information about plaintiff's expert's opinion. Defendant seeks the results of the environmental testing, the methods utilized therein, the location of the test site(s), the name and qualifications of the person(s) performing the test(s), quality assurance techniques and the location on the premises of any contaminant located by the

1. Defendant's Supplemental Information Requested Regarding Defendant's Motion to Compel More Responsive Answers to Defendant's First Set of Interrogatories, dated July 20, 1993, p. 1.

test. To this request, plaintiff has raised in opposition the work-product privilege.

 The work-product privilege protects certain materials "obtained or prepared by an adversary's counsel with an eye toward litigation." *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947).

> "[i]n *Hickman* the Supreme Court read into the Federal Rules of Civil Procedure then in effect a two-tiered protection from discovery for attorney work product * * *. To the extent that work product contains relevant, nonprivileged facts, the *Hickman* doctrine merely shifts the standard presumption in favor of discovery and requires the party seeking discovery to show 'adequate reasons' why the work product should be subject to discovery. However, to the extent that work product reveals the opinions, judgments, and thought processes of counsel, it receives some higher level of protection, and a party seeking discovery must show extraordinary justification."

*In re Sealed Case*, 676 F.2d 793, 809–810 (D.C.Cir.1982).

 The work-product privilege is not absolute. *Id.* at 810. However, the work-product privilege

> "protects both the attorney-client relationship and a complex of individual interests particular to attorneys that their clients may not share."

*In re Sealed Case*, 676 F.2d at 809.

> "[A]t some point the privilege must yield to the needs of the adversary system."

*Id.* at 818.

The plaintiff's environmental test results contain relevant, non-privileged facts. These results do not contain any thought processes or mental impressions of plaintiff's counsel. Defendant is required to demonstrate "adequate reasons" why the information concerning the test results should be produced before such production is ordered.

Here defendant argues the lawsuit was not brought until the site conditions were changed, thereby rendering it impossible for tests to be performed now under the same site conditions. While it is true that defendant could have conducted its own tests before the site conditions changed, this failure does not always prevent the disclosure sought here. Defendant does not seek plaintiff's environmental consultant's full report and I do not order such production. Defendant is entitled to this information as it is essential and crucial to the outcome of this matter. It is also unavailable to defendant from any other source at this time.

It is obvious from the reading of interrogatory 24 that plaintiff will need substantial input from the environmental consultant in answering this interrogatory. To the extent that the consultant charges for his or her time in performing this task, defendant will be responsible for payment provided the charge is reasonable.

Defendant's motion to compel a more responsive answer to interrogatory 24 is GRANTED and plaintiff will respond on or before August 31, 1993.

So ordered.